# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs September 13, 2005

## TOMMY NUNLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-23717     Bernie Weinman, Judge**

---

**No. W2003-02940-CCA-R3-PC  - Filed January 6, 2006**

---

THOMAS T. WOODALL, J., concurring.

While I concur in most of the majority opinion, I write separately to express my disagreement with a portion of the analysis by the majority.  Specifically, I am not comfortable with the analysis pertaining to the trial court's order requiring DNA testing.

In this case, Petitioner alleged, in an amended petition filed after appointment of counsel, that his trial counsel was ineffective for failing to obtain DNA testing.  In his testimony at the post-conviction hearing, Petitioner testified that his counsel was ineffective for failing to obtain DNA testing to exclude Petitioner as the perpetrator of the crime.  The majority opinion is correct in its statement that Petitioner did not seek to obtain DNA testing during the pendency of his post-conviction proceedings, or specifically ask in his petition or amended petition for the court to order DNA testing.

In addition, Petitioner rested his case for post-conviction relief following the testimony of Petitioner.  My point of disagreement with the majority opinion is the statement that the post-conviction court "converted an ineffectiveness claim into a DNA Analysis Act claim."  In a post-conviction petition, a petitioner must prove prejudice resulting from deficient attorney performance in order to be entitled to relief. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984).  Normally, a petitioner would be unable to show prejudice from trial counsel's failure to obtain DNA testing, unless the petitioner could show at the post-conviction hearing what the results of DNA testing would have been.

The majority opinion seems to imply that obtaining DNA test results in a post-conviction ineffective assistance of counsel proceeding would require in all circumstances a separate proceeding to obtain DNA testing results.  That may or may not be correct, but it is not an issue addressed in this appeal. I also do not agree that the post-conviction trial court in this case "independently investigated or sought facts" as that terminology is commonly used, where the trial court, with notice to both parties, filed an order directing DNA testing.

I concur with all other aspects of the majority opinion.


_____
THOMAS T. WOODALL, JUDGE